T.C. Summary Opinion 2009-134


UNITED STATES TAX COURT


DARYL L. KOELEMAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24773-08S.          Filed September 2, 2009.


Daryl L. Koelemay, pro se.

<u>Ardney J. Boland III</u>, for respondent.


JACOBS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for 2006, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2006 a deficiency in income tax of $14,739 and an accuracy-related penalty of $1,300. At trial petitioner conceded that he failed to report a lump-sum distribution from his BASF pension plan as well as a series of deemed distributions arising from money borrowed from, but not repaid to, his section 401(k) plan account. The issues thus remaining in dispute are: (1) Whether petitioner is liable for the 10-percent additional tax on early distributions from qualified retirement plans (the BASF pension plan lump-sum distribution and the series of deemed distributions from the section 401(k) plan account); and (2) whether petitioner is liable for an accuracy-related penalty.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. At the time he filed his petition, petitioner resided in Louisiana.

Before March 2006 petitioner had been an employee of BASF for 7 years, working at one of its manufacturing plants. In March 2006 petitioner's employment was terminated, and BASF gave petitioner a severance package. BASF sent the Internal Revenue

Service and petitioner a Form W-2, Wage and Tax Statement, for 2006. Box 13, Retirement plan, on Form W-2, was checked, indicating that petitioner was an "active participant" in BASF's qualified pension plan.[1] Petitioner believed that the amount set forth in the Form W-2 represented the entire amount he had to report on his 2006 income tax return. But in fact, the amount represented only the wages paid to petitioner from January 1, 2006, to the date of his termination and a severance payment.

Before his termination, petitioner borrowed money from his section 401(k) plan account. When petitioner was laid off, his participation in BASF's section 401(k) plan was terminated and his debt to his section 401(k) plan account was canceled. After his termination, in November 2006 petitioner received a lump-sum distribution from the BASF pension plan. As indicated supra p. 2, petitioner concedes that the lump-sum distribution from his pension plan as well as the amount previously borrowed from his section 401(k) plan account should have been reported on his 2006

_____

[1]The instructions for Form W-2, box 13, state:

Check this box if the employee was an "active participant" (for any part of the year) in any of the following:

1. A qualified pension, profit-sharing, or stock-bonus plan described in section 401(a) (including a 401(k) plan). Instructions for Forms W-2 and W-3 (rev. 2006), at 13.

Federal income tax return, which was prepared by Jackson Hewitt Tax Service.

Petitioner had not reached age 59-1/2 when he received the aforementioned distributions.  He does not recall receiving a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., with respect to his BASF pension distribution.

## Discussion

### I. Application of the Section 72(t) Additional Tax to Petitioner's Pension Plan and Section 401(k) Distributions

Section 72(t)(1) imposes a 10-percent additional tax on any distribution from a "qualified retirement plan" that fails to satisfy one of the exceptions in section 72(t)(2).[2]  Both petitioner's BASF pension plan and his section 401(k) plan are qualified retirement plans, and distributions from each plan are subject to the 10-percent additional tax.  See secs. 401(a), (k)(1), 4974(c)(1).

---

[2]Sec. 72(t)(1) provides:

> SEC. 72(t).  10-Percent Additional Tax on Early Distributions from Qualified Retirement Plans.--
>
> (1) Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

Section 72(t)(2) provides a list of exceptions to the additional tax imposed by section 72(t)(1). None of the exceptions applies to petitioner's situation.[3] We therefore sustain respondent's determination with respect to the section 72(t) additional tax.

## II. Section 6662(a) Accuracy-Related Penalty

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the underpayment of tax attributable to, inter alia, a substantial understatement of income tax, as provided in section 6662(b)(2). An understatement pursuant to section 6662(b)(2) is equal to the excess of the amount of tax required to be shown on the tax return over the amount of tax shown on the return. Sec. 6662(d)(2)(A). The understatement is substantial in the case of an individual if it exceeds the greater of 10 percent of the tax required to be shown or $5,000. Sec. 6662(d)(1)(A). Respondent has the burden of production with respect to the section 6662(a) accuracy-related penalty. See sec. 7491(c). Respondent has met his burden of production.

---

[3]Petitioner does not argue that the burden of proof on this issue should be shifted to respondent under sec. 7491. In any event, we do not decide the issue on the burden of proof. Also, regardless of whether the additional tax under sec. 72(t) would be considered an "additional amount" under sec. 7491(c) and regardless of whether the burden of production with respect to this additional tax would be on respondent, respondent has met any such burden of production by showing that petitioner received the distribution when he was less than age 59-1/2. See H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

The accuracy-related penalty does not apply to any part of an underpayment of tax if it is shown that the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1).  This determination is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Petitioner bears the burden of proof that he had reasonable cause and acted in good faith.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioner relied on Jackson Hewitt Tax Service to prepare his 2006 tax return.  There is no evidence that his return preparer was not competent or that petitioner was not justified in relying on the preparer's expertise in preparing his tax return.  Moreover, it does not appear from the record that petitioner was anything but forthright with respect to information he gave to his return preparer.

Petitioner credibly testified that:  (1) He did not receive a Form 1099-R reflecting his pension plan distribution and (2) he believed the amount of the pension plan distribution was included in the amount reported on his Form W-2 because Box 13 was checked.  Petitioner also credibly testified that he did not understand:  (1) The process involved in borrowing money from a section 401(k) plan account, (2) that his debt had been canceled, and (3) that the cancellation resulted in income.  We are satisfied that this is a case of a taxpayer who tried to file his

income tax return properly but was tripped up by the complexity of the Internal Revenue Code.  On the totality of the record, we find that petitioner acted in good faith and with reasonable cause.  Thus, we hold that the accuracy-related penalty provided by section 6662(a) is not applicable.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.